603 So.2d 1349 (1992)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
William C. DeSHONG, Respondent.
No. 92-01481.
District Court of Appeal of Florida, Second District.
August 14, 1992.
*1350 Rafael E. Madrigal, Miami, for petitioner.
Alex B. Vecchio, Tampa, for respondent.
ALTENBERND, Judge.
The State of Florida, Department of Highway Safety and Motor Vehicles (the Department), seeks certiorari review of a circuit court order that reinstated William C. DeShong's driving privileges. Mr. DeShong's driving privileges were suspended because he refused to submit to a blood alcohol test after failing a field sobriety test. See § 322.2615, Fla. Stat. (Supp. 1990). That suspension was upheld by a Department hearing officer after a formal review hearing. On certiorari review of that departmental order, the circuit court reinstated Mr. DeShong's driving privileges because it found that the arresting officer lacked probable cause "to stop" Mr. DeShong's vehicle. We conclude that the circuit court did not apply the correct law in reversing the suspension order because only a founded suspicion, not probable cause, is required to effectuate a DUI traffic stop. Accordingly, we grant the Department's petition.

I. THE FACTS
Mr. DeShong was driving on Eisenhower Boulevard in Tampa shortly after midnight on Saturday, October 19, 1991. A deputy sheriff, on special assignment to a DUI Task Force, decided to follow Mr. DeShong's vehicle for a period of time to check for a possible DUI offense. It is the practice of the DUI Task Force to randomly follow vehicles in this manner to establish a "tracking history" of the vehicle and determine whether the driver is impaired. In following this car, the deputy observed that the driver seemed to be using the lane markers to position his vehicle. Additionally, for no apparent reason, the driver abruptly slowed from 55 to 30 miles per hour and then accelerated rapidly. The officer stopped the vehicle because he found this driving behavior "erratic." He was concerned that either the driver was impaired or that the vehicle was malfunctioning.
When the deputy approached the vehicle, he observed that the driver, Mr. DeShong, had bloodshot, watery eyes, a flushed face, and a strong odor of alcohol on his breath. His speech was "thick-tongued." When he exited the car, he was unsteady on his feet and swayed when he walked. The deputy conducted five standard roadside DUI tests, and Mr. DeShong failed all five tests. Consequently, the deputy requested that Mr. DeShong submit to a blood alcohol *1351 breath test, and informed him that if he refused, his license would be automatically suspended. Mr. DeShong refused to submit to the test, and his license was automatically suspended pursuant to section 322.2615(1)(a).

II. THE ADMINISTRATIVE HEARING
Mr. DeShong requested and received a formal administrative hearing before a Department hearing officer pursuant to section 322.2615(1)(b)3. The deputy, who was the only witness, provided testimony supporting the preceding facts. The procedures for such an administrative hearing are relatively new and are not well-explained in case law.[1] The hearing officer must determine by a preponderance of the evidence whether the suspension is valid.[2] § 322.2615(7), Fla. Stat. (Supp. 1990). If the individual's driving privilege has been suspended for refusal to submit to a breath, blood, or urine test, the hearing officer's review of the suspension is limited to the following issues:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer.
4. Whether the person was told that if he refused to submit to such test his privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
§ 322.2615(7)(b)1.-4., Fla. Stat. (Supp. 1990).
From a review of the transcript of the administrative hearing, it is apparent that Mr. DeShong's attorney understandably confused the first two issues. In standard criminal procedure terms, Mr. DeShong's attorney wanted to suppress the evidence obtained at the stop on the theory that there was an insufficient basis to justify the stop. The Department's administrative rules, however, do not expressly create procedures concerning a motion to suppress. Compare Fla.R.Crim.P. 3.190(h) (setting out specific procedures for filing a motion to suppress in criminal cases) with Fla. Admin. Code R. 15A-6.010m (1990) (governing the procedure by which all motions are to be filed in license suspension hearings, but not specifically indicating that a motion to suppress may be filed). Apparently, the statute contemplates that issues relating to the lawfulness of the stop and any potential right to suppress evidence will be resolved under the second issue concerning the lawfulness of the arrest. The hearing officer entered an order that sustained the suspension, finding against Mr. DeShong on all four issues, including the lawfulness of the arrest.

III. THE CIRCUIT COURT CERTIORARI REVIEW
As permitted by the statute, Mr. DeShong petitioned the circuit court for a writ of certiorari to quash the Department's order. See § 322.2615(13), Fla. Stat. (Supp. 1990). The circuit court reversed the suspension order, finding that "the stopping of William C. DeShong by [the deputy] was not based upon probable cause to believe that DeShong was operating a motor vehicle under the influence of alcoholic beverages." In this respect, the circuit court did not apply the correct law because it applied the "probable cause" standard required for an arrest instead of the "reasonable suspicion" standard needed to justify a traffic stop.[3]

*1352 IV. REASONABLE SUSPICION TO JUSTIFY A SAFETY-RELATED TRAFFIC STOP
In order to effect a valid stop for DUI, the officer need only have a "founded suspicion" of criminal activity. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989); § 901.151, Fla. Stat. (Supp. 1990). Thereafter, the probable cause needed to arrest or to suspend a license for DUI may be based upon evidence obtained during the standard procedures following a valid traffic stop. See State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987).
Erratic driving similar to that involved in this case has been held sufficient to establish a founded suspicion and to validate a DUI stop. See, e.g., Carrillo (weaving within a traffic lane); Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987) (same). Driving behavior need not reach the level of a traffic violation in order to justify a DUI stop. See Carrillo; Esteen.
The courts of this state have recognized that a legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior. In Bailey v. State, 319 So.2d 22 (Fla. 1975), the Florida Supreme Court upheld the traffic stop of a driver who was observed driving her vehicle at a slow rate of speed and weaving within her lane of traffic. The court expressly stated that there were no circumstances which would reasonably have led the officer to believe criminal activity was taking place. 319 So.2d at 26. The court nevertheless validated the traffic stop, stating that "[b]ecause of the dangers inherent to our vehicular mode of life, there may be justification for the stopping of a vehicle by a patrolman to determine the reason for its unusual operation." Id. See also Michigan Dep't of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) (emphasizing the state's interest in preventing drunk driving); State v. Potter, 438 So.2d 1085 (Fla. 2d DCA 1983) (noting the public policy concerns surrounding the dangerousness of vehicles in general and impaired drivers in particular).
Pursuant to these authorities, we conclude that the deputy had a founded suspicion to stop Mr. DeShong to determine the cause of his erratic driving. In reaching this conclusion, we emphasize that there has been no suggestion that the traffic stop was a pretext to search for contraband or other evidence of criminal activity, see Brown v. State, 577 So.2d 708 (Fla. 2d DCA 1991); or that the length of detention between the initial stop and the administering of the field sobriety tests was unreasonable, see Bozeman v. State, 603 So.2d 585 (Fla. 2d DCA 1992); Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991). Under these circumstances, the hearing officer was clearly authorized to decide that the stop was lawful and that the officer thereafter properly developed probable cause for the arrest. Therefore, the circuit court applied the incorrect law when reversing the hearing officer's order.
Accordingly, we grant the Department's petition and quash the circuit court's order that reinstated Mr. DeShong's driving privileges.
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] The Department has promulgated procedural rules to govern the conduct of these hearings. See Fla. Admin. Code Ch. 15A-6 (1990).
[2] Interestingly, the state apparently has no attorney representing its interests at these hearings. Mr. DeShong's attorney was the only attorney at this hearing.
[3] When the circuit court conducts a certiorari review of the decision of an administrative agency, the circuit court must determine "whether procedural due process [was] accorded, whether the essential requirements of law [were] observed, and whether the administrative findings and judgment are supported by competent substantial evidence." City of Deerfield Beach v. Valliant, 419 So.2d 624, 626 (Fla. 1982). When this court conducts a certiorari review of the circuit court's order, our standard of review is narrower. We must determine whether the circuit court afforded procedural due process and applied the correct law. Valliant, 419 So.2d at 626. We do not review whether there was competent substantial evidence to support the hearing officer's findings. Education Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989).