744 So.2d 1180 (1999)
STATE of Florida, Appellant,
v.
Clifford DAVIDSON, Appellee.
No. 99-00908.
District Court of Appeal of Florida, Second District.
November 3, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Mark A. Casassa of Casassa, Mangone & Miller, Naples, for Appellee.
WHATLEY, Judge.
The State appeals the order suppressing the cocaine found during a search of Clifford Davidson's vehicle incident to his arrest. We reverse.
In his motion to suppress, Davidson argued that the stop of his vehicle was improper because the deputy lacked the requisite founded suspicion. At the hearing on the motion, the deputy sheriff who stopped Davidson testified that he was sitting in his marked patrol car in the median of 1-75 running radar at approximately 11:50 p.m. He noticed a vehicle proceeding south at a speed of between 40 and 48 m.p.h. on a highway with a maximum speed limit of 70 m.p.h. and a minimum speed limit of 40 m.p.h. The deputy pulled onto the highway and followed the vehicle, observing that, while maintaining a speed of somewhere between 40 and 50 m.p.h., it continually drifted across the line and then jerked back in the opposite direction in a correcting manner. The deputy testified that he pulled Davidson over because these actions are characteristic of an impaired driver. He further testified that he knew something was wrong because people do not normally drive like Davidson was driving.
In order to effect a valid stop for DUI, the officer need only have a "founded suspicion" of criminal activity.
. . .
The courts of this state have recognized that a legitimate concern for the safety of the motoring public can warrant a *1181 brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior.
State Dep't of Highway Safety and Motor Vehicles v. DeShong, 603 So.2d 1349, 1352 (Fla. 2d DCA 1992). As revealed by the deputy's testimony, the deputy's observations of Davidson's driving provided him with the founded suspicion necessary to conduct a stop of Davidson.
In Bailey v. State, 319 So.2d 22, 26 (Fla.1975), the supreme court upheld the initial stop of a vehicle on the Florida Turnpike on facts less suspicious than those here:
Because of the dangers inherent to our modern vehicular mode of life, there may be justification for the stopping of a vehicle by a patrolman to determine the reason for its unusual operation. In this instance, although no vehicular regulation was being violated, it seemed strange to the officer that the vehicle was proceeding at only 45 miles per hour and was weaving, although not so much as to move out of its lane on one side or the other.
See also Roberts v. State, 732 So.2d 1127 (Fla. 4th DCA 1999) (officer's observation of vehicle's continuous weaving within its lane presented objective basis for suspecting driver under the influence and supported stop); State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987) (same); Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987) (officer's observation of vehicle weaving within its lane of traffic at a speed of 45 m.p.h. on I-95 justified stop).
Davidson's reliance on Crooks v. State, 710 So.2d 1041 (Fla. 2d DCA 1998), is misplaced. In holding that the arresting deputy had no objective basis to stop Crooks for failing to maintain a single lane of traffic, this court noted that the deputy did not think that Crooks was intoxicated or otherwise impaired. Moreover, from the facts described in Crooks, it appears that some or all of Crooks' drifting over the line was caused by the actions of the law enforcement personnel involved.
Accordingly, we reverse the order granting the motion to suppress and remand for further proceedings.
Reversed and remanded.
ALTENBERND, A.C.J., and DAVIS, J., Concur.