PER CURIAM.
Frederick Finizio appeals an order denying his motion to suppress evidence. He argues that the sheriffs deputy lacked a reasonable or well-founded suspicion to make an investigatory stop. We affirm.
Deputy Alfred Araujo (Araujo), assigned to DUI enforcement in Palm Beach County, testified that he first observed appellant when appellant pulled his pick-up truck into the CITGO Gas Mart at the intersection of Westgate and Congress Avenues. Araujo had not noticed appellant driving northbound on Congress, but saw him when he crossed Congress Avenue and turned into the station. As appellant did so, the front and back tires on the driver’s side appeared to strike a raised curb. The truck lifted on the driver’s side only, and there were no obstructions, speed bumps or anything else at the end of the driveway. The driveway leading to the market was anywhere from 25 to 30 feet wide, there was no other traffic at the time, and no obstructions in the driveway. Appellant’s truck then “sped up quite rapidly” to the pay phone area and came to a “quick stop.” Based upon these observations, Araujo pulled behind the truck. After appellant exited his truck and walked toward the store, Araujo activated his blue lights, exited his patrol car and asked appellant to come over. Araujo began a DUI investigation after he smelled alcohol on appellant and determined that appellant appeared intoxicated. In the process, Araujo also discovered cocaine in appellant’s pants pocket and shirt pocket. No traffic citations were issued. Appellant entered a plea of nolo contendere to the charges of driving under the influence and possession of cocaine and reserved his right to appeal the denial of his motion to suppress.
Appellant argues, and the State concedes, that the facts of this case rise to the level of an investigatory stop. See Brooks v. State, 745 So.2d 1113 (Fla. 1st DCA 1999). The issue before us is whether the officer had a well-founded or reasonable suspicion to stop appellant, because mere or bare suspicion is insufficient. See Popple v. State, 626 So.2d 185 (Fla.1993); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980).
We hold that the trial court did not err when it denied appellant’s motion to *349 suppress. If a police officer observes a motor vehicle operated in an unusual manner, there may be justification for a stop even when there is no violation of vehicular regulations and no citation is issued. Bailey v. State, 319 So.2d 22 (Fla.1975); State, Dep’t of Highway Safety & Motor Vehicles v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992).
In DeShong, a sheriffs deputy followed a vehicle and observed that the driver appeared to be using the lane markers to position his vehicle. The deputy also observed the driver abruptly slow down from 55 to 30 miles per hour and then accelerate rapidly for no apparent reason. Finding this behavior erratic, the deputy stopped the vehicle. The deputy was concerned that the driver was either impaired or that the vehicle was malfunctioning. The court wrote:
The courts of this state have recognized that a legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior. In Bailey v. State, 319 So.2d 22 (Fla.1975), the Florida Supreme Court upheld the traffic stop of a driver who was observed driving her vehicle at a slow rate of speed and weaving within her lane of traffic. The court expressly stated that there were no circumstances which would reasonably have led the officer to believe criminal activity was taking place. 319 So.2d at 26. The court nevertheless validated the traffic stop, stating that “[bjecause of the dangers inherent to our vehicular mode of life, there may be justification for the stopping of a vehicle by a patrolman to determine the reason for its unusual operation.” Id. See also Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) (emphasizing the state’s interest in preventing drunk driving); State v. Potter, 438 So.2d 1085 (Fla. 2d DCA 1983) (noting the public policy concerns surrounding the dangerousness of vehicles in general and impaired drivers in particular).
Id. at 1352.
The law is well settled that in determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop, “the totality of the circumstances-the whole picture-must be taken into account.” Tamer v. State, 484 So.2d 583, 584 (Fla.1986) (quoting from United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981)). Even when none of the facts standing alone would give rise to a reasonable suspicion, when taken together as viewed by an experienced deputy as in this case, they can provide clear justification for a brief detention. Tamer, 484 So.2d at 584.
We are not persuaded by appellant’s argument that before Araujo could possess a reasonable suspicion to stop him, he had to observe his driving for an extended period of time or distance. In this case, Araujo observed him operate his truck in an unusual manner by hitting the curb with the front and back tires, speeding up and then abruptly stopping in quick succession. Under the circumstances, we conclude that an extended observation was neither possible nor necessary.
Accordingly, we affirm the trial court’s order denying appellant’s motion to suppress.
AFFIRMED.
DELL, WARNER and TAYLOR, JJ., concur.