803 So.2d 856 (2002)
Kristopher Boyd DONALDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4209.
District Court of Appeal of Florida, Fourth District.
January 2, 2002.
*857 Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Christine D. Coughlin, Assistant Attorney General, West Palm Beach, for appellee.
*858 HAZOURI, J.
Appellant was charged by information with two counts of possession of a controlled substance. After waiving a jury trial, the case proceeded to a bench trial. Prior to trial, defense counsel moved to suppress the controlled substance, arguing that it was seized as a result of an invalid traffic stop. After listening to the evidence, the trial court denied the motion. Appellant pled no contest to the charges, reserving the right to appeal his conviction and sentence. The State and the trial court agree that the motion to suppress was dispositive. We reverse.
On June 1, 2000, at approximately 2:00 A.M., Officer Tom Gendreau was on patrol on Federal Highway. He observed a pickup truck, driven by Appellant, pull out of a hotel parking lot with the tires squealing. The officer testified that he was concerned that Appellant may be impaired or fleeing from the scene of a crime. Officer Gendreau pulled in behind Appellant and initiated a traffic stop. The officer gave Appellant a written traffic warning for an improper start. At the time there were no other cars on the road that would have been endangered.
Officer Gendreau did not feel that Appellant was an impaired driver but remained concerned because Appellant appeared nervous. The officer asked Appellant why he was squealing his tires. Appellant replied that he was having problems with his clutch. The officer then asked Appellant whether he had weapons, drugs, guns or any kind of contraband. When Appellant replied that he did not, the officer asked whether he could check the car. According to the officer, Appellant replied, "yes, go ahead." Officer Gendreau found a cigarette pack in the front seat. Inside the cigarette pack, the officer found prescription medication wrapped up in cellophane. The officer recognized the pills to be controlled substances and asked Appellant if he knew what they were. Appellant replied that some were painkillers that he got from his boss and used for back pain, and others were diet pills that he used for energy. Officer Gendreau placed Appellant under arrest.
Defense counsel argued the stop was not valid because Appellant did not commit a traffic infraction. The State argued it was a valid stop because the officer had articulable grounds to believe Appellant either committed a traffic infraction or was coming from the scene of a crime.
The trial judge stated that he did not know whether Appellant committed a traffic infraction. The trial judge found the officer had reasonable, articulable grounds to believe there was a traffic infraction and that it was improper driving. The trial judge denied the motion to suppress on those grounds.
On review, the appellate court is required to accept the trial court's determinations of the historical facts leading to a search; however, a defendant is entitled to a de novo review of whether the application of the law to the historical facts establish an adequate basis for the trial court's finding of probable cause. See Ornelas v. U.S., 517 U.S. 690, 696-97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000).
Appellant asserts that the controlled substances should have been suppressed because they were seized as a result of an unlawful stop and detention. The State argues there was a valid traffic stop because Officer Gendreau had probable cause to believe that Appellant committed a traffic infraction.
In Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the *859 United States Supreme Court held that under the Fourth Amendment, an officer's reasons for a stop of an automobile are immaterial as long as the officer has probable cause to believe that a traffic violation has occurred. Id. at 810, 116 S.Ct. 1769; see also Holland v. State, 696 So.2d 757 (Fla.1997) (adopting the objective test set forth in Whren); Petrel v. State, 675 So.2d 1049 (Fla. 4th DCA 1996) (applying Whren and explaining that the test is whether an officer could have stopped the vehicle for a traffic infraction).
The State argues that Officer Gendreau had probable cause to believe that Appellant violated section 316.154, Florida Statutes (1999), by improperly starting his vehicle. Section 316.154 provides, "No person shall start a vehicle which is stopped, standing, or parked, unless and until such movement can be made with reasonable safety."
The State argues that Appellant's actions in starting and driving his vehicle at such a rate of speed so as to cause his tires to squeal coupled with the fact that he was entering a major roadway demonstrated a disregard for the safety of others.
The State's argument is not supported by Officer Gendreau's testimony. Officer Gendreau testified that he saw Appellant pull out onto the roadway and heard the tires squealing. When asked if the car was originally parked, he replied:
I'm not sure if it was parked. I just know that, as it pulled out of the parking lot, the actual sound of the squealing tires is what drew my attention to the vehicle as it was pulling out of thelike, driving through the parking lot, if you will.
There was no evidence with respect to how Appellant started his vehicle. The officer did not see Appellant "start a vehicle which is stopped, standing, or parked." § 316.154, Fla. Stat. (1999). There is no indication that squealing tires alone constitutes a traffic infraction. We are at a loss to understand how squealing tires without more constitutes a danger to public safety. Therefore, the officer did not have probable cause to believe that Appellant committed a traffic infraction, rendering a stop on that basis illegal.
Alternatively, the State argues the stop was valid because Officer Gendreau had a founded suspicion of criminal activity. The State relies upon the decision in Tamer v. State, 463 So.2d 1236, 1239 (Fla. 4th DCA 1985), approved, 484 So.2d 583 (Fla.1986).
In Tamer, an officer observed the defendant at 1:05 A.M. driving a station wagon with an open tailgate through the parking lot of a medical building to another parking lot across the street. Id. at 1239. At the time, the medical building was closed. Id. The officer was aware that there had been a recent rash of fires in doctors' offices in the area. Id. The officer followed the defendant in his marked patrol vehicle. Id. Upon observing the patrol vehicle, the defendant made a sharp U-turn with tires squealing and drove to a restaurant where he parked his vehicle, closed the tailgate and proceeded to walk away. Id. At that point the officer detained the defendant. Id.
A police officer may conduct an investigatory stop on less than probable cause if the police officer has a reasonable, articulable suspicion that a person has committed, is committing, or is about to commit a crime. Popple v. State, 626 So.2d 185, 186 (Fla.1993) (citing § 901.151 Fla. Stat. (1991)); Tamer, 463 So.2d at 1239. "In order not to violate a citizen's Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop." *860 Popple, 626 So.2d at 186. A founded suspicion is a belief which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. Tamer, 463 So.2d at 1239. In Tamer, this court determined that based on the circumstances witnessed by the officer, the stop was founded upon a reasonable, articulable suspicion of criminal activity. Id. at 1240.
The State's argument that this case is similar to Tamer is not persuasive. In this case, the officer only saw Appellant pull out of a parking lot with tires squealing. Although it was 2:00 A.M., the parking lot belonged to a motel, not a building that was closed to the public at the time. Unlike the defendant in Tamer, in this case as soon as the officer initiated the traffic stop, Appellant pulled over. The officer did not observe any other unusual driving, nor any traffic infractions. Additionally, in this case the officer had no report of a crime in the area. Thus, the officer did not have any reasonable, articulable suspicion of criminal activity when he initiated the stop.
The State further argues that the officer was justified in stopping Appellant for driving under the influence (DUI), citing Department of Highway Safety & Motor Vehicles v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992). With regards to the "founded suspicion" needed to effectuate a valid stop for DUI, the second district explained:
The courts of this state have recognized that a legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior.
Id. at 1352, relied upon, Ellis v. State, 755 So.2d 767, 768 (Fla. 4th DCA 2000).
In DeShong, a sheriff followed the defendant for a period of time to check for a possible DUI offense. The sheriff observed the defendant use lane markers to position his vehicle. He then observed the defendant abruptly slow from 55 to 30 miles per hour and then accelerate rapidly for no apparent reason. 603 So.2d at 1350. The sheriff stopped the vehicle because he found the driving behavior "erratic." The second district determined that the driving behavior was sufficient to establish a founded suspicion and to validate a DUI stop. Id. at 1352.
This case is distinguishable from DeShong. In this case, the officer simply observed squealing tires, not any erratic driving over a period of time. Additionally, the officer indicated that at the time there were no other cars on the road or in the parking lot that would have been endangered by Appellant squealing his tires. Thus, there was no evidence that Appellant drove in a sufficiently unsafe manner to validate a DUI stop.
The officer did not have probable cause to believe that Appellant committed a traffic infraction nor did he have reasonable suspicion of criminal activity nor of DUI, rendering the stop illegal. Thus, the trial court erred when it denied defense counsel's motion to suppress the controlled substances found as a result of that illegal stop. Accordingly, Appellant's conviction and sentence are reversed.
REVERSED.
STONE and GROSS, JJ., concur.