864 So.2d 1248 (2004)
Mamodou NDOW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-421.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
*1249 James B. Gibson, Public Defender, and Barbara C. Davis and Nancy Ryan, Assistant Public Defenders, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Mamodou Ndow appeals his judgment and sentence for trafficking in cannabis. On appeal, appellant argues that the trial court erred in failing to grant his motion to suppress because the stop was illegal.
This case involves a traffic stop by an Oakland police officer of a vehicle containing appellant and another man which resulted in their arrest. The State charged appellant with one count of trafficking in 300 plants or twenty-five pounds of cannabis in violation of section 893.135(1)(a)1, Florida Statutes (2001). Appellant filed "consolidated motions to suppress." He maintained, inter alia, that: (1) the arresting officer had no reasonable or articulable suspicion of any criminal activity; (2) the arresting officer initiated the stop outside the jurisdiction of the Oakland Police Department; and (3) there was no ongoing investigation or basis for detention of appellant, i.e., no criminal offense or traffic infraction had been observed.
The trial court held a hearing on the motion to suppress. Officer Chris Rapp ["Rapp"] of the Oakland Police Department testified that on December 11, 2001, at approximately 2:00 a.m. he observed appellant and a companion in a stopped vehicle on the off ramp of the Florida Turnpike. Rapp noted that, although the car had a green light, it did not move but sat through the light's entire cycle. The officer tried to observe whether the car or driver might be impaired. Rapp proceeded eastbound and then turned around. On the second green light, Rapp observed the car turn left and proceed eastbound on Colonial Drive. The car proceeded slowly in the left lane and then pulled into the right lane behind Rapp. The occupants then slowed down in an apparent effort not to pass the police vehicle, so Rapp turned into a motel in an attempt to let the vehicle pass. As he exited the motel, Rapp observed that the vehicle had pulled over to the side of the road and the occupants were trading places. At this point, because of multiple indications that appellant and his companion might be impaired, Rapp initiated a traffic stop. As Rapp and Sergeant Lowery approached the vehicle, Rapp smelled the odor of unburnt cannabis through the open driver's side window. The trial court denied the motion to suppress.
On appeal, appellant asserts that the stop was illegal because Rapp did not have a reasonable suspicion of criminal activity and there was no evidence of traffic violations. He maintains that the evidence *1250 indicates that Rapp did not observe any objective driving patterns, such as continuous weaving, tires striking a raised curb, etc., that would lead to a reasonable suspicion of driving while impaired. Moreover, appellant maintains that there was no evidence that he committed a traffic violation.
We agree that the motion to suppress was properly denied. If a police officer observes a motor vehicle operating in an unusual manner, there may be justification for a stop even when there is no violation of vehicular regulations and no citation is issued. Bailey v. State, 319 So.2d 22, 26 (Fla.1975); State, Dep't of Highway Safety & Motor Vehicles v. DeShong, 603 So.2d 1349, 1352 (Fla. 2d DCA 1992). "The courts of this state have recognized that a legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior." DeShong, 603 So.2d at 1352; Finizio v. State, 800 So.2d 347, 349 (Fla. 4th DCA 2001). In determining whether such an investigatory stop was justified, courts must look to the totality of the circumstances. Tamer v. State, 484 So.2d 583, 584 (Fla.1986). Considering the totality of the circumstances detailed above, Rapp's suspicion that Ndow may be driving while impaired was reasonable and warranted the investigatory stop. See Finizio, 800 So.2d 347; DeShong, 603 So.2d 1349; Bailey, 319 So.2d 22.
AFFIRMED.
PLEUS and ORFINGER, JJ., concur.