NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ALEXANDER ANGEL AGREDA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-3486 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed December 3, 2014.

Appeal from the Circuit Court for
Highlands County; Angela J. Cowden,
Judge.

Howard L. Dimmig, II, Public Defender,
and Alisa Smith, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa,
for Appellee.

NORTHCUTT, Judge.

Alexander Agreda appeals four convictions premised on his possession of contraband that was discovered in a traffic stop. We reverse because there was no legal basis for the stop, and thus the trial court erred by denying Agreda's motion to suppress.

The facts were developed at a suppression hearing in which the State presented the testimony of a detective from the Highlands County Sheriff's Office. The detective testified that on the day in question he was conducting an "interdiction" on U.S. Highway 27. The road was a divided highway with two lanes in each direction, and the speed limit was 65 miles per hour. The detective was parked in the median in an unmarked car. Around noon, he saw a car traveling under the speed limit. The car was in the curb lane, and there were several vehicles behind it.

After all the vehicles passed by his location, the officer pulled onto the road and proceeded in the same direction. He passed the vehicles in the left lane and pulled into the curb lane behind the lead car. The detective paced the car for half a mile and determined that it was traveling 45 miles per hour. He did not see the car drift or weave in its lane, nor did he notice anything to indicate that there was a mechanical problem with the car or a medical problem with the driver. The traffic was light, and nothing prevented vehicles from passing in the left lane. Nonetheless, the detective testified that the car's low rate of speed was impeding the flow of traffic, so he conducted a traffic stop.

After the stop, the detective learned that the driver had a suspended license. Agreda, who was a passenger in the car, admitted that his license was also suspended. He then spontaneously told the detective that he had a gun, which the detective retrieved without incident. In a subsequent search of the car, crack cocaine and a pipe were discovered on the passenger side.

Agreda argued that there was no legal basis for the traffic stop and, therefore, that the contraband should be suppressed. The circuit court disagreed, ruling

that it was "objectively reasonable" for the detective to stop the car to determine whether something was wrong with the driver. After this ruling, Agreda entered a no contest plea and reserved the right to appeal the denial of his dispositive motion to suppress. Pursuant to the plea, he was convicted and sentenced to prison for felon in possession of a firearm, unlawful carrying of a concealed weapon, possession of cocaine, and possession of paraphernalia.

Agreda repeats his argument on appeal, contending that there was no lawful basis for the traffic stop. We afford a presumption of correctness to a trial court's factual findings in a suppression ruling as long as the findings are supported by competent, substantial evidence; we review de novo the application of the law to the facts. See Connor v. State, 803 So. 2d 598, 605-08 (Fla. 2001).

We start first with the detective's stated reason for the stop. The detective testified that the car was impeding the flow of traffic. State traffic laws provide that "[n]o person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." § 316.183(5), Fla. Stat. (2011). The detective recounted that five vehicles were following behind the car. But he also acknowledged that there were two lanes headed in that direction, separated by a median from two lanes in the other direction. The left lane was empty, traffic was otherwise light, and the detective himself had no difficulty pulling past the vehicles to reach the lead car. While the posted speed was 65 miles per hour, the minimum speed on this part of the highway was 40 miles per hour. See § 316.183(2). Thus, at 45 miles per hour, the subject vehicle was traveling within the permissible range. Manifestly, the

- 3 -

vehicle was not being driven at such a slow speed as to impede or block the normal flow of traffic in violation of section 316.183(5).

The circuit court held the stop was lawful based on the detective's concern that the car's slow speed was caused by a possible medical problem with the driver. The detective testified that his "only other concern . . . was a possible medical condition." But on cross-examination, he testified that there was nothing to indicate anything was wrong with the driver. And on redirect, the following exchange occurred:

Q. Okay. Did you have any protectoral reasons to stop the vehicle or was it solely on the traffic infraction?

A. Yes, [s]ir. The sole reason for stopping the vehicle was it was impeding the flow of the traffic. There was no pre-indicated or protectoral reasons to stop the vehicle.

We recognize, as did the circuit court, that a "legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior." State, Dep't of Highway Safety & Motor Vehicles v. DeShong, 603 So. 2d 1349, 1352 (Fla. 2d DCA 1992). The detective acknowledged that this could be a possible reason to stop a car, just as he acknowledged that a vehicle malfunction could warrant a stop and safety check. But the detective denied that he stopped the car for these reasons. The circuit court's reliance on this basis was, therefore, not supported by competent, substantial evidence.

The detective's subjective intentions aside, the circumstances of this case simply did not present an objective basis for a stop pursuant to law enforcement's so-called community caretaking function. See Holland v. State, 696 So. 2d 757 (Fla. 1997) (adopting test of objective reasonableness for traffic stops as enunciated in Whren v.

United States, 517 U.S. 806 (1996)). "Even a stop pursuant to an officer's community caretaking responsibilities . . . must be based on specific articulable facts showing that the stop was necessary for the protection of the public." Majors v. State, 70 So. 3d 655, 661 (Fla. 1st DCA 2011). Although the car was traveling below the speed limit, its speed was within the legally permissible range. The detective's concern about the driving speed was based in part on his observation that people generally drove over the speed limit, not under it. On appeal, the State points to this testimony and asserts that the car was actually traveling 30 miles per hour less than the normal practice. But it would be a strange world indeed if under the Fourth Amendment a search and seizure could be justified by the subject's failure to engage in typical law-breaking behavior.

Here, the detective observed nothing to objectively suggest that there was a problem with the car or driver. In the absence of something more than simply driving more slowly than most motorists, the stop here was not justified. See Faunce v. State, 884 So. 2d 504 (Fla. 1st DCA 2004) (invalidating stop when car, on dirt road at night, was traveling twenty miles below speed limit but was not swerving or giving indication of mechanical trouble); cf. Bailey v. State, 319 So. 2d 22 (Fla. 1975) (upholding stop, although suppressing evidence for other reasons, when car was weaving and traveling below posted speed on Florida Turnpike); State v. Davidson, 744 So. 2d 1180 (Fla. 2d DCA 1999) (concluding that stop was justified when car was traveling below speed limit and continually correcting after drifting over the line).

The circuit court erred by denying the motion to suppress, and we reverse Agreda's convictions. Given the dispositive nature of the motion, Agreda must be discharged on remand. See Jacoby v. State, 851 So. 2d 913 (Fla. 2d DCA 2003)

- 5 -

(ordering discharge of defendant when denial of dispositive motion to suppress was reversed on appeal).

Reversed and remanded with directions.

ALTENBERND and VILLANTI, JJ., Concur.