DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOANNE BADEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1893

[August 19, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502013CF008885A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Joanne Baden appeals the order denying her motion to suppress evidence prior to a final judgment of adjudication on her plea of no contest to felony DUI and refusal to submit to a chemical or physical test. Finding no error, we affirm.

**Background**

After receiving a "BOLO" call from another officer related to a female riding a scooter, a Palm Beach County Sheriff's Office Deputy observed Appellant riding a scooter, at approximately 2:00 a.m., on a designated roadside parking area alongside a sidewalk. She testified that as Appellant rode the scooter, the front tire of the scooter kept hitting and bouncing off the curb. The Deputy also noticed that there was a pedestrian walking on the sidewalk next to Appellant to whom the latter was talking as she was riding the scooter. Each time Appellant hit the curb, the pedestrian would flinch and step further away.

The Deputy became concerned about Appellant's ability to drive due to the number of times that the scooter was hitting the sidewalk and Appellant's failure to look where she was going as she continued to talk to the pedestrian next to her. The Deputy further testified to being afraid Appellant was either going to enter the sidewalk and strike the pedestrian or run into the rear of a vehicle parked approximately twenty-five to thirty feet ahead in Appellant's lane of travel. Accordingly, the Deputy activated the patrol car's flashing lights and stopped her car. Appellant stopped the scooter. The Deputy observed Appellant "still wobbling back and forth on the scooter." The Deputy inquired whether Appellant was all right, but received no response. A fellow officer who arrived on the scene after Appellant had been stopped detected a "strong smell of an unknown alcoholic substance emitting from" Appellant and that she had bloodshot glassy eyes and her speech was slurred, prompting the officer to call a third officer to conduct a DUI investigation.

During the course of the hearing on the motion to suppress, the Deputy testified the conduct that she observed from Appellant constituted careless driving under Florida law. The Deputy stated that besides the traffic violation, her main reason for stopping Appellant was out of concern that Appellant might have had something physically wrong with her, stating that "either [Appellant] was impaired, not feeling well, not paying attention . . . there was something going on." The Deputy further testified that, the BOLO aside, she would have stopped Appellant based solely on her observation of Appellant's continuous striking of the curb and Appellant's "erratic driving."

At trial, Appellant moved to suppress evidence related to the officers' observations following the stop and her refusal to submit to a chemical or physical test, arguing that the stop was an unlawful seizure. The trial court denied Appellant's motion and sentenced Appellant following her plea of no contest.

**Analysis**

When reviewing a denial of a motion to suppress, this Court defers to the trial court's factual findings, but reviews legal conclusions *de novo*. *Castella v. State*, 959 So. 2d 1285, 1289 (Fla. 4th DCA 2007). In its evaluation, this Court must view the evidence in a light most favorable to sustaining the trial court's ruling. *Nicholas v. State*, 857 So. 2d 980, 981 (Fla. 4th DCA 2003).

The stopping of a motorist is reasonable and constitutionally valid "where a police officer has probable cause to believe a traffic violation has

2

occurred." *Hurd v. State*, 958 So. 2d 600, 602 (Fla. 4th DCA 2007). An officer has probable cause "where the facts and circumstances within an officer's knowledge and of which he had reasonable trustworthy information are sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been committed." *Stone v. State*, 856 So. 2d 1109, 1111 (Fla. 4th DCA 2003) (quoting *State v. Byham*, 394 So. 2d 1142, 1143 (Fla. 4th DCA 1981)).

When determining whether a traffic stop is constitutional, an objective test is used, ignoring the officer's subjective knowledge, motivation, or intention, and asking only whether probable cause for the stop existed. *Hurd*, 958 So. 2d at 602. "The test is whether a police officer *could* have stopped the vehicle for a traffic violation." *Id.* (emphasis added). In *Hurd*, the officer stopped the defendant after following him for about two miles and observing the defendant cross over a solid white line without using his turn signal. *Id.* There were no other cars on the road at the time. *Id.* We held that the officer had no probable cause to warrant the stop since Florida law required a signal only when other vehicles are affected by the turn. *Id.* at 603. Similarly, in *Donaldson v. State*, 803 So. 2d 856, 858 (Fla. 4th DCA 2002), the defendant was pulled over and given a written warning for an improper start after an officer heard his tires squeal as he pulled out of a parking lot. We held that the officer did not have probable cause to believe the defendant committed a traffic infraction because, absent other articulable facts, squealing tires do not constitute a traffic infraction or other "danger to public safety." *Id.* at 859.

Unlike *Hurd* and *Donaldson*, the Deputy in the instant case observed Appellant violate traffic laws. Section 316.1925(1), Florida Statutes (2013), states: "Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner . . . so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section." Appellant's operation of her vehicle (the scooter) on the street endangered the pedestrian on the sidewalk, the parked cars ahead of her, and Appellant herself.

Alternatively, even where a driver is not committing a traffic infraction, an officer may stop a driver if the officer has a founded suspicion that the driver is under the influence. *Nicholas*, 857 So. 2d at 981; *Dep't of Highway Safety & Motor Vehicles v. DeShong*, 603 So. 2d 1349, 1352 (Fla. 2d DCA 1992). When determining whether an officer has "a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop, 'the totality of the circumstances - the whole picture - must be taken into account.'" *Finizio v. State*, 800 So. 2d 347, 349 (Fla. 4th DCA 2001)

3

(quoting *Tamer v. State*, 484 So. 2d 583, 584 (Fla. 1986)).

Relevant factors used to determine if reasonable suspicion exists include: "[t]he time; . . . the location; . . . the behavior of the suspect; the appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge." *Santiago*, 941 So. 2d 1277, 1279 (Fla. 4th DCA 2006) (quoting *State v. Stevens*, 354 So. 2d 1244, 1247 (Fla. 4th DCA 1978)). Erratic driving suffices to establish a founded suspicion and to validate a DUI stop. *DeShong*, 603 So. 2d at 1352. What establishes one's driving as "erratic" is determined on a case-by-case basis as there is no statutory definition of erratic driving. *Nicholas*, 857 So. 2d at 982. In the case at hand, Appellant was observed, at about 2:00 a.m., driving a scooter in a careless manner, seemingly oblivious to the parked cars right ahead of her. As such, we hold that the officer had reasonable suspicion to stop and question Appellant.

**Conclusion**

After considering the totality of the circumstances, the trial court's denial of Appellant's motion to suppress directed at a stop "in order to determine if she was ill, injured, impaired, or simply operating the scooter in a careless manner" was appropriate. Accordingly, we affirm.

*Affirmed.*

DAMOORGIAN and GERBER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4