IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HERMEEN R. JACOBSON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1400

_____/

Opinion filed September 20, 2017.

An appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, Judge.

Andy Thomas, Public Defender; Laurel Cornell Niles and Brenda L. Roman, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.

ROBERTS, J.

On appeal, the appellant challenges the denial of her motion to suppress evidence seized after what she claims was an illegal traffic stop. We affirm.

During the suppression hearing, the arresting officer, who had training and experience on how to identify someone who was under the influence, testified that

at around 7:22 p.m., he reported to the Azalea Lounge to investigate a potential vehicle accident. When he arrived, he encountered the appellant standing outside of her legally parked vehicle, which was damaged. The officer determined that the damage to the vehicle was preexisting, but observed that the appellant was "extremely intoxicated." He did not have a basis to arrest the appellant at that time, but warned her that if he saw her driving, she would be arrested for DUI. A friend of the appellant's came out of the Azalea Lounge and said he would take charge of her, and the two went inside. In the interest of public safety, the officer parked his patrol car across the street in plain view. He observed the appellant walk toward her car on two occasions, but she turned around when she saw the officer's patrol car. The officer had to leave the area when he was dispatched to another call.

At 8:35 p.m., the officer returned to the area for the sole purpose of checking up on the appellant. As he approached, he saw the appellant's car pull onto the road. He looked in the car and saw that the appellant was driving, so he followed her briefly. The officer admitted that the appellant was obeying all traffic laws and was not driving erratically. He became concerned when it appeared that she was going to get on the interstate. Knowing her condition, the officer testified that he did not want her on the interstate at those speeds, so he stopped her. The officer admitted that his stop was based on his previous contact with the appellant. He knew that it takes several hours for alcohol to get out of the bloodstream and stated, "There was

2

no human way possible that she was no longer intoxicated." Upon stopping the appellant, the officer observed that the appellant was still extremely intoxicated, had slurred speech, red and glassy eyes, and emitted a strong odor of alcohol. He asked her to perform field sobriety exercises, which she refused. He then placed her under arrest for DUI. The appellant refused to take a breath test. In a search incident to arrest, a baggy of cocaine and a straw were recovered from the appellant's pocket.

In her motion to suppress the evidence seized as a result of the traffic stop, she argued that the stop was illegal because she did not break any traffic laws and was not driving erratically. She further argued that the stop was unsupported by a founded suspicion of criminal activity, namely because the officer's observation of her intoxication during the first encounter was not corroborated by any field sobriety exercises. The trial court disagreed and denied the motion to suppress. We affirm.

The officer admitted that the appellant did not violate any traffic laws to justify the stop. Therefore, the stop had to be based on the officer's founded suspicion that she was driving under the influence. See Hilton v. State, 961 So. 2d 284, 290 (Fla. 2007) ("The United States Supreme Court has held that stopping a vehicle is permissible under the Fourth Amendment only where there is a reasonable suspicion that either the vehicle or an occupant is subject to seizure for a violation of law.") (citing Delaware v. Prouse, 440 U.S. 648, 663 (1979)). The totality of the circumstances must be considered in evaluating whether an officer has a reasonable

or well-founded suspicion to justify an investigatory stop. <u>Baden v. State</u>, 174 So. 3d 494, 497 (Fla. 4th DCA 2015) (citing <u>Finizio v. State</u>, 800 So. 2d 347, 349 (Fla. 4th DCA 2001)).

Many of the "founded suspicion" cases involve an observation of erratic driving that, while not illegal, raises concerns for public safety. Here, there was no indication that the appellant was driving erratically or weaving to otherwise justify the stop. The founded suspicion came from the rather unusual circumstance wherein the officer had the opportunity to personally observe that the appellant was extremely intoxicated approximately one hour prior to observing her driving. His training and experience led him to conclude that it would have been impossible for the appellant to have sobered up within the hour. Thus, the officer's stop was justified out of his belief that the appellant was impaired and his concern for the safety of the public. <u>See</u> <u>Agreda v. State</u>, 152 So. 3d 114, 116 (Fla. 2d DCA 2014) ("[A] 'legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior.'" (citing <u>State, Dep't of Highway Safety & Motor Vehicles v. DeShong</u>, 603 So. 2d 1349, 1352 (Fla. 2d DCA 1992))); <u>Dep't of Highway Safety & Motor Vehicles v. Ivey</u>, 73 So. 3d 877, 880-81 (Fla. 5th DCA 2011) ("Florida courts have recognized that valid safety concerns can warrant a brief investigative stop by law

4

enforcement officers to determine whether a driver is intoxicated using a somewhat more relaxed standard than that required for other crimes."). We reject the appellant's assertion that the officer's initial observation of her intoxication should have been corroborated by field sobriety exercises because, at the time of their first encounter, the appellant was not driving. Based on the totality of the circumstances, the officer had a founded suspicion that the appellant was committing a DUI and was a potential danger to the public to justify an investigatory stop. Accordingly, the motion to suppress was properly denied.

AFFIRMED.

MAKAR, and JAY, JJ., CONCUR.