FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2023-1668
LT Case No. 2022-CT-003363

_____

STATE OF FLORIDA,

    Appellant,

    v.

CHRISTOPHER JOHN SHELDON,
JR.,

    Appellee.

_____

On appeal from the County Court for Hernando County.
Kurt E. Hitzemann, Judge.

Ashley Moody, Attorney General, Tallahassee, and Kristen L.
Davenport, Assistant Attorney General, Daytona Beach,
for Appellant.

Jeffrey P. Cario and Kimberly Scarano, of Jeffrey P. Cario, P.A.,
Brooksville, for Appellee.

October 8, 2024

MACIVER, J.

    The State of Florida appeals an order granting Appellee's
motion to suppress evidence in which the trial court found that to
initiate a valid stop, a law enforcement officer must have probable
cause to believe that the defendant has committed a traffic

infraction or reasonable suspicion that the defendant has committed a crime.

The evidence at the suppression hearing was that the Florida Highway Patrol trooper observed Appellee weaving several times over the fog line while driving northbound on Highway 19 in Hernando County around two o'clock in the morning. The trooper testified that he initiated the traffic stop to conduct a "welfare check" because he was concerned the driver was ill, impaired, sleepy, or having mechanical issues. The trooper's bodycam video, which captured thirty seconds prior to the trooper activating his lights, showed at least two instances in which Appellee's vehicle swerved over the fog line. The trooper testified that he observed Appellee's vehicle weaving multiple times, and some of those instances occurred prior to the video being activated. The trial court found there was "nothing talismanic about the words 'welfare check'" and granted the motion to suppress. We agree with the State that this was error.

Welfare checks fall under the "community caretaking doctrine," an exception to the Fourth Amendment's search warrant requirement, which recognizes the duty of police officers to ensure the safety and welfare of the citizenry at large. *Taylor v. State*, 326 So. 3d 115, 117 (Fla. 1st DCA 2021). Under the welfare check exception, a "legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior." *Agreda v. State*, 152 So. 3d 114, 116 (Fla. 2d DCA 2014) (quoting *State, Dep't of High. Saf. & Motor Veh. v. DeShong*, 603 So. 2d 1349, 1352 (Fla. 2d DCA 1992)); *see also State v. Rodriguez*, 904 So. 2d 594, 598 (Fla. 5th DCA 2005) (stop may be justified even in absence of traffic infraction when vehicle is being operated in unusual manner causing legitimate concern for safety of the public). The investigatory stop must still be based on specific articulable facts demonstrating that the stop was necessary to protect the public. *Dep't of High. Saf. & Motor Veh. v. Morrical*, 262 So. 3d 865, 867 (Fla. 5th DCA 2019).

Contrary to the trial court's struggle with this concept, Florida law is clear that an officer is justified in stopping a vehicle

even in the absence of a traffic infraction when the vehicle is being operated in an unusual manner causing legitimate concern for the safety of the public. *See e.g., Yanes v. State*, 877 So. 2d 25 (Fla. 5th DCA 2004) (police officer's observation of vehicle crossing fog line three times in space of one mile provided reasonable suspicion sufficient to justify vehicle stop, irrespective of whether anyone was endangered by such conduct, where nature of vehicle's abnormal movement caused officer to suspect that driver was impaired or otherwise unfit to drive); *Ndow v. State*, 864 So. 2d 1248 (Fla. 5th DCA 2004) (police officer's suspicion that motorist may have been driving while impaired was reasonable and investigatory stop warranted, where car behind police vehicle had green light at intersection but sat through light's entire cycle, car slowed down in apparent effort not to pass police vehicle, officer turned into motel to let car pass, and officer observed upon exiting motel that car had pulled over to side of road and occupants were trading places); *State v. Carrillo*, 506 So. 2d 495 (Fla. 5th DCA 1987) (weaving within lane five times within one-quarter mile sufficient to establish reasonable suspicion of impairment); *Esteen v. State*, 503 So. 2d 356 (Fla. 5th DCA 1987) (weaving within lane and driving slower than posted speed justified stop based on reasonable suspicion of impairment, unfitness, or vehicle defects, even absent a traffic violation).

Here, the trooper had specific, articulable facts demonstrating a specific concern, and a traffic stop for a welfare check was justifiable under the circumstances.

REVERSED and REMANDED for further proceedings.

SOUD and BOATWRIGHT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

3