PER CURIAM.
The State of Florida, Department of Highway Safety, seeks certiorari review of the circuit court’s order granting a petition for writ of certiorari in favor of the respondent, Robert G. Abbey, Jr. Abbey’s driver’s license was permanently revoked based upon his fifth conviction for driving under the influence (DUI). The Department subsequently denied Abbey’s application for a business purposes only license, also known as a hardship license, due to Abbey’s admission that he had consumed alcoholic beverages approximately one year prior to his application. The Department based this decision on its conclusion that section 322.271(4)(a)(S), Florida Statutes (1997), which states that an applicant must be “drug-free” for five years prior to applying for a hardship license, requires an applicant to be alcohol-free.
Abbey sought certiorari review of the Department’s decision in the circuit court. The circuit court granted Abbey’s petition based on its conclusion that section 322.271 does not require abstinence from alcohol as a prerequisite for issuance of a hardship license. The Department now seeks cer-tiorari review of that decision in this court. We conclude that, given its limited scope of review in a certiorari proceeding, the circuit court departed from the essential requirements of law when it substituted its interpretation of “drug-free” for a reasonable interpretation provided by the administering agency. We accordingly grant the petition.
After Abbey’s fifth DUI conviction, including one motor vehicle crash, the Department permanently revoked his driver’s license. In May 1998, Abbey applied for a hardship license. At the hearing on his application, Abbey admitted that he had been sober for the preceding year, but had consumed alcohol prior to that time. The Department’s hearing officer denied the application because Abbey did not meet the minimum requirement of being alcohol-free. The hearing officer based this decision on section 322.271(4)(a)(3), which *1025 requires a hardship license applicant to establish that he or she “has been drug-free for at least 5 years prior to the hearing. ..
Section 322.271 does not specifically require an applicant to be alcohol-free for five years and, in fact, makes no express reference to alcohol.[1] The Department has issued no formal regulation defining “drug-free,” but it interprets this statutory term to require an applicant to be alcohol-free, as well as free from other mind-altering chemical substances. The Department’s hearing officer accordingly denied Abbey’s application for a hardship license based on Abbey’s admitted consumption of alcohol.
The circuit court’s written opinion quashing the Department’s decision effectively declares that the Department cannot allow its hearing officers to give consideration to the consumption of alcohol within the five-year period because abstinence from alcohol is not an express statutory prerequisite for issuance of a driver’s license for someone with multiple DUI convictions. Although “drug-free” is not defined in this statute, the Department is the agency charged with the administration of this nonpenal statute. See § 822.02, Fla. Stat. (1997). It is well-established that courts should defer to a reasonable interpretation of a statute by the administering agency. See Ameristeel Corp. v. Clark, 691 So.2d 473 (Fla.1997); Okeechobee Health Care v. Collins, 726 So.2d 775 (Fla. 1st DCA 1998). The Department’s interpretation of this statute was reasonable and the circuit court departed from the essential requirements of law when it overruled that interpretation.
The agency’s interpretation is compatible with clear legislative policy. It is the legislature’s express intent that chapter 322, Florida Statutes (1997), be “liberally construed to the end that the greatest force and effect may be given to its provisions for the promotion of public safety.” § 322.42, Fla. Stat. (1997). It is also the express legislative intent to “provide maximum safety for all persons who travel or otherwise use the public highways of the state.” § 322.263(1), Fla. Stat. (1997).
When the legislature announced that an applicant must be “drug-free,” it did not intend the applicant to refrain from the use of aspirin. Section 316.193, Florida Statutes (1997), establishes penalties for driving under the influence of certain mind-altering substances that impair a driver’s judgment and performance. That statute discusses alcohol and certain regulated drugs.[2] The Department is interpreting section 322.271(4) to require abstinence from the same mind-altering substances, i.e. drugs, that can result in an arrest for DUI. In the context of these statutes, any other interpretation would be unreasonable.
The Department’s interpretation is supported by the administrative decision in Eyer v.Department of Highway Safety & Motor Vehicles, 19 F.A.L.R. 4018 (July 24, 1997), which interpreted a similar use of the phrase “drug-free” in section 322.271(2)(b). It is also compatible with the legislature’s inclusion of alcohol within the definition of “drug” for purposes of a “drug-free workplace.” See § 440.102(1)(c), Fla. Stat. (1997).
The statute is not a criminal statute that must be narrowly interpreted for the bene *1026 fit of a defendant. Cf. State v. Brigham, 694 So.2d 793 (Fla. 2d DCA 1997) (interpreting criminal DUI statute to achieve legislative intent). This statute'was created to protect the public’s safety. A person whose license has been permanently revoked for several DUI convictions should expect “drug-free” in this context to include alcohol.
We accordingly grant the Department’s petition for writ of certiorari and quash the circuit court’s order. We direct the circuit court to issue an order reinstating the Department’s denial of Abbey’s application for a hardship license.
Petition granted; decision quashed.
ALTENBERND, A.C.J., and WHATLEY and SALCINES, JJ., Concur.

. Section 322.271(4)(a)(1), Florida Statutes (1997), also requires an applicant to prove that he or she "has not been arrested for a drug-related offense during the 5 preceding years,” while section 322.271(4)(a)(4) requires an applicant to have “completed a DUI program licensed by the department.”

. For example, section 316.193(1)(a), Florida Statutes (1997), provides that "[a] person is guilty of the offense of driving under the influence and is subject to punishment ... if the person is driving or in actual physical control of a vehicle within this state and: (a) The person is under the influence of alcoholic beverages, any chemical substance controlled under chapter 893, when affected to the extent that the person’s normal faculties are impaired....”