*132 PERRY, J.
Nils Futch seeks review of the decision of the Fifth District Court of Appeal in Futch v. Department of Highway Safety & Motor Vehicles, 142 So.3d 910 (Fla. 5th DCA 2014), on the ground that it expressly and directly conflicts with two decisions of the Second District Court of Appeal in Department of Highway Safety & Motor Vehicles v. Robinson, 93 So.3d 1090 (Fla. 2d DCA 2012), and McLaughlin v. Department of Highway Safety & Motor Vehicles, 128 So.3d 815 (Fla. 2d DCA 2012), and a decision of the First District Court of Appeal in Department of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904 (Fla. 1st DCA 2011), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. Because the Fifth District inappropriately granted certiorari review, we quash the district court’s decision and remand for reinstatement of the circuit court’s decision.
During a traffic stop, Futch allegedly refused to submit to a blood-alcohol test. The Department of Highway Safety and Motor Vehicles (“DHSMV”) suspended Futch’s driver license for one year, effective March 15, 2013. Futch sought review of the driver license suspension. See §§ 322.2615, 322.64, Fla. Stat. (2012). During the administrative review, the hearing officer refused to permit Futch’s counsel to ask more than two questions of Futch’s expert witness. The hearing officer subsequently upheld the suspension. On certiorari review of the administrative decision, the circuit court found that the hearing officer’s actions denied Futch due process, and invalidated the suspension. Futch v. Dep’t of Highway Safety & Motor Vehs., 21 Fla. L. Weekly Supp. 16,18 (Fla. 7th Cir.Ct. Sept. 3, 2013). On second-tier certiorari review of the circuit court’s decision, the Fifth District agreed with the circuit court that the hearing officer violated Futch’s due process by refusing to allow his expert to testify. See Futch, 142 So.3d at 915. However, the Fifth District held that the circuit court was required to remand the case back to DHSMV for another administrative hearing, and “that the circuit court misapplied the law when it directed DHSMV to set aside the suspension and reinstate Futch’s driver’s license.” Id. at 916.
“[A]ppellate courts must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court’s decision.” Nader v. Dep’t of Highway Safety & Motor Vehs., 87 So.3d 712, 723 (Fla.2012); see also Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 526 (Fla.1995). “[T]he departure from the essential requirements of law necessary for the issuance of a writ of certiorari is something more than a simple legal error.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000)). Certiorari is appropriate “only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Id.
Here, the Fifth District inappropriately exercised its certiorari jurisdiction to review the circuit court order. We reassert that “second-tier certiorari should not be used simply to grant a second appeal; rather, it should be reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Nader, 87 So.3d at 717; see also Kaklamanos, 843 So.2d at 889. There was no miscarriage of justice here. Accordingly, because the Fifth District was without jurisdiction, we quash the decision below and remand for reinstatement of the circuit court’s decision.
It is so ordered.
*133 LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.