# Third District Court of Appeal

**State of Florida**


Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0551
Lower Tribunal No. 17-79
_____


**State of Florida, Department of Highway Safety and Motor Vehicles,**
Petitioner,

vs.

**Willis Melvin Sperberg,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Bernard S. Shapiro, Spencer Eig, and Jerald Bagley, Judges.

Christie S. Utt, General Counsel, and Mark L. Mason (Tallahassee), Assistant General Counsel, for petitioner.

Stephen M. Zukoff, for respondent.


Before EMAS, FERNANDEZ, and LINDSEY, JJ.

FERNANDEZ, J.

The Department of Highway Safety and Motor Vehicles (the "Department")

petitions this Court for second-tier certiorari review of the circuit court's order

granting a writ of certiorari and quashing the Department's order of revocation. For the reasons discussed herein, we grant the petition, quash the circuit court's order, and remand for further proceedings.

By order of revocation dated February 13, 2017, the Department notified Willis Melvin Sperberg ("Sperberg") that his driving privilege was permanently revoked. The order advised that Sperberg could appeal the order within 30 days of its date, by filing a petition for writ of certiorari.[1] Thereafter, Sperberg timely filed a petition for writ of certiorari with the circuit court, arguing that Florida must give full faith and credit to a Virginia order restoring Sperberg's driving privilege in Virginia. In response, the Department argued it has statutory authority to permanently revoke Sperberg's driving privilege, in Florida, based on receipt of records indicating Sperberg has 4 DUI convictions in Virginia.[2] The Department attached Sperberg's uncertified driving transcript to its response. In reply, Sperberg argued the uncertified driving transcript was inadmissible under the best evidence rule. The circuit court granted the petition for writ of certiorari. The

[1] On second-tier certiorari review, the Department argues that Sperberg could have challenged the underlying records triggering the order of revocation through an agency records review procedure, despite no mention of this in the order of revocation. In keeping with our narrow standard of review, we do not address this issue.

[2] Although the Department includes in its response nominal references to competent substantial evidence, the entirety of the Department's response is confined to its statutory authority to permanently revoke Sperberg's driving privilege, in direct response to the issue raised by Sperberg in the petition.

Department filed the instant petition for writ of certiorari, seeking second-tier certiorari review of the circuit court's order.

On second-tier certiorari review of a circuit court's first-tier certiorari review of a judicial/quasi-judicial administrative action, this Court must determine "whether the circuit court [1] afforded procedural due process and [2] applied the correct law." Broward Cty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 843-44 (Fla. 2001) (citing City of Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982)). These two prongs are "merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995). This Court "must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court's decision." Futch v. Fla. Dep't of Highway Safety & Motor Vehs, 189 So. 3d 131, 132 (Fla. 2016) (citing Nader v. Dep't of Highway Safety & Motor Vehs, 87 So. 3d 712, 723 (Fla. 2012)).

"First-tier" certiorari review at the circuit court level, a review as a matter of right[3] and pursuant to Florida Rules of Appellate Procedure 9.030(c)(3) and 9.100,

[3] Section 322.31, Florida Statutes (2018), provides that "final orders and rulings of the [Department of Highway Safety and Motor Vehicles] wherein any person is denied a license, or where such license has been canceled, suspended, or revoked, shall be reviewable in the manner and within the time provided by the Florida Rules of Appellate Procedure only by a writ of certiorari issued by the circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida Rules of Appellate Procedure, any provision in chapter 120 to the contrary notwithstanding." See also § 322.27 (7), Fla. Stat. (2018).

3

is a three-pronged review whereby the circuit court must determine: (1) whether procedural due process is accorded, (2) whether the essential requirements of the law have been observed, and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Vaillant, 419 So. 2d at 626; see also G.B.V. Int'l, 787 So. 2d at 843; Heggs, 658 So. 2d at 530.

Florida courts have held that a circuit court, acting in its appellate capacity on first-tier certiorari review, fails to apply the correct law when the circuit court goes beyond the appropriate standard/scope[4] of review. See, e.g., Miami-Dade Cty. v. Omnipoint Holdings, Inc., 863 So. 2d 195, 201 (Fla. 2003) (holding that a district court exceeds the proper scope of second-tier certiorari review when it sua sponte addresses issues not raised in any phase of the proceedings); G.B.V. Int'l, 787 So. 2d at 845 (discussing how the circuit court's application of an independent standard of review constitutes an application of the wrong law and is tantamount to departing from the essential requirements of law). Here, the circuit court's order disposes with both the scope and standard of review by considering issues not raised by any party in any phase of the proceedings and reweighing evidence.

First, the circuit court addressed issues that neither party raised for the circuit court to review. [5] In doing so, the circuit court relied on Omnipoint

---

[4] See, e.g., Denson v. State, 711 So. 2d 1225, 1228 n.6 (Fla. 2d DCA 1998) (discussing the interplay between scope of review and standard of review).

[5] The circuit court's opinion, *in relevant part*: "Although Petitioner does not claim he was deprived of procedural due process, that the essential requirements of the

4

<u>Holdings</u>, 863 So. 2d at 200 (quoting <u>Hormel v. Helvering</u>,[6] 312 U.S. 552, 556 (1941)).  On the contrary, in <u>Omnipoint Holdings</u>, the Florida Supreme Court held that the reviewing district court "exceeded the proper scope of second-tier certiorari review when it, sua sponte," considered "an issue neither party raised in any phase of the proceedings."  863 So. 2d at 200-01.  Similarly, here, the circuit court exceeded the proper scope of first-tier certiorari review when it, sua sponte, considered issues neither party raised in any phase of the proceedings (including at the circuit court level).[7]  Second, in analyzing the unraised issues, the circuit court

---

law were not observed; and that the findings and judgment were not supported by competent substantial evidence violated his due process, we grant review of the Department's decision because there are exceptional cases or particular circumstances where a reviewing court, like this one, will consider questions of law that were not considered by the agency below where injustice might otherwise result." (internal quotations and citations omitted).

[6] The Florida Supreme Court in <u>Omnipoint Holdings</u> quoted <u>Hormel</u> to distinguish the two cases.  As noted therein, <u>Omnipoint Holdings</u> did "not present the types of patent injustice considered in <u>Hormel</u>."  Nonetheless, this Court need not address whether the present case does present such type of patent injustice because the circuit court's reliance on <u>Hormel</u> is entirely misplaced.  In this case, as explicitly stated by the circuit court, neither party raised the competence or substantiality of the evidence as an issue for the circuit court to address. <u>See</u> <u>Omnipoint Holdings</u>, 863 So. 2d at 200 (discussing the distinction between raising an issue for the first time on appeal versus never raising the issue at all).

[7] We note that even if Sperberg's arguments, in the reply brief filed with the circuit court, could be construed as raising issues of competent substantial evidence, Florida courts have held that in such circumstances, granting the petition on the new issues raised in the reply brief would deny the Department due process.  <u>See</u> <u>Parker-Cyrus v. Justice Admin. Comm'n</u>, 160 So. 3d 926, 928-29 (Fla. 1st DCA 2015); <u>Dep't of Highway Safety & Motor Vehicles v. Dellacava</u>, 100 So. 3d 234, 236 (Fla. 5th DCA 2012).

5

improperly reweighed evidence. For example, the circuit court referred to the uncertified driving record as "suspect since allowing such a record as evidence risks an unjust result." Where a circuit court reweighs evidence on first-tier certiorari review, the circuit court has applied an improper standard of review. See G.B.V. Int'l, 787 So. 2d at 845; Dep't of Highway Safety v. Baird, 175 So. 3d 363 (Fla. 3d DCA 2015). Thus, we hold that the circuit court failed to apply the correct law when it ventured beyond the appropriate scope of review and applied an improper standard of review.

In keeping with our standard of review, we do not address the correctness of the circuit court's opinion, and nothing in this opinion shall be construed as such. For the above reasons, we grant the petition for writ of certiorari and quash the circuit court's order.

Petition granted, order of the circuit court quashed, and cause remanded for further proceedings.