LAMBERT, J.
The Department of Highway Safety and Motor Vehicles (the "Department") seeks second-tier certiorari review of the final order of the appellate panel of the circuit court quashing the decision of the hearing officer suspending Respondent's driving privileges. Based upon our limited scope of review, we deny the petition.
In the early morning hours of October 12, 2017, Officer Emilio Medugno with the Altamonte Springs Police Department was conducting a business check of a Pep Boys store when he observed a vehicle in the parking lot with its engine running and lights on. Officer Medugno parked his patrol vehicle in front of the car. He then walked towards the vehicle where he observed Respondent sleeping in the driver's seat with his pants and underwear down to his knees. Medugno called for backup, and a second police officer promptly arrived on the scene. The second officer positioned his police car behind Respondent's car, effectively preventing Respondent from being able to move his vehicle. At that point, Officer Medugno opened the driver's side door, which caused Respondent to awaken. Medugno then inquired if Respondent was "alright," to which Respondent indicated that he was.
Officer Medugno next advised Respondent that he should "hop on out [of the car] for us." Respondent complied. Because Medugno observed Respondent showing signs of impairment, he told Respondent that he would be conducting a "DUI investigation." After Respondent performed poorly on Field Sobriety Exercises, Officer Medugno placed Respondent under arrest and transported him to the Seminole County Jail. Based upon the results of the breath tests administered to *867 Respondent at the jail, the Department issued Respondent a notice that his driver's license was suspended for exhibiting an unlawful breath-alcohol level of .08 or higher.
Respondent timely requested and received a formal review hearing under section 322.2615, Florida Statutes (2017), challenging his license suspension. Officer Medugno testified at this hearing, and various materials were admitted into evidence, including the video of the traffic stop, Officer Medugno's arrest report, and the offense report. Respondent's counsel also actively participated at the hearing.
The hearing officer affirmed the suspension of Respondent's driver's license. He concluded that Officer Medugno had probable cause to believe that Respondent was driving or in actual physical control of a motor vehicle in the State of Florida while under the influence of alcoholic beverages. The hearing officer also found that when Officer Medugno opened Respondent's car door and inquired of his well-being, he "was performing his community care taking duty."
Respondent timely petitioned for certiorari review of this order in the circuit court. See § 322.31, Fla. Stat. (2017). The three-judge appellate panel of the circuit court granted the petition and quashed the hearing officer's decision. The court first determined that Officer Medugno's encounter with Respondent was an investigatory stop under Popple v. State , 626 So.2d 185, 186 (Fla. 1993) (allowing "a police officer [to] reasonably detain a citizen temporarily [when] the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime"); and then, citing to Danielewicz v. State , 730 So.2d 363, 364 (Fla. 2d DCA 1999) (holding that a police officer's observation of the defendant apparently asleep in a legally parked car with the engine running was insufficient to establish a well-founded suspicion that defendant had been or was about to become involved in criminal activity and, thus, was insufficient to justify an investigatory stop), the court held that no competent substantial evidence[1] existed giving rise to a reasonable suspicion that Respondent either did, was, or was about to commit a crime, as would be necessary to justify Officer Medugno's investigatory stop.
The court next analyzed whether competent substantial evidence nevertheless supported Officer Medugno's actions under the community caretaking exception to the requirement that an officer have reasonable suspicion of criminal activity before undertaking an investigatory stop. This exception specifically recognizes that a "legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior." Agreda v. State , 152 So.3d 114, 116 (Fla. 2d DCA 2014) (quoting State, Dep't of High. Saf. & Motor Veh. v. DeShong , 603 So.2d 1349, 1352 (Fla. 2d DCA 1992) ). The circuit court reiterated, however, that even under an officer's community caretaking responsibilities, the investigatory stop must still "be based on specific articulable facts showing that the stop was necessary for the protection of the public." Id. (quoting Majors v. State , 70 So.3d 655, 661 (Fla. 1st DCA 2011) ). The court concluded that there was no competent substantial evidence *868 in the record to support the hearing officer's finding that Officer Medugno was acting in a "community caretaking capacity" or "pursuant to a welfare check."
The standard of review for a district court in a second-tier certiorari case was recently summarized by the Third District Court of Appeal in State, Department of Highway Safety & Motor Vehicles v. Sperberg , 257 So.3d 560 (Fla. 3d DCA 2018) :
On second-tier certiorari review of a circuit court's first-tier certiorari review of a judicial/quasi-judicial administrative action, this Court must determine "whether the circuit court [1] afforded procedural due process and [2] applied the correct law." Broward Cty. v. G.B.V. Int'l, Ltd. , 787 So.2d 838, 843-44 (Fla. 2001) (citing City of Deerfield Beach v. Vaillant , 419 So.2d 624, 626 (Fla. 1982) ). These two prongs are "merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law." Haines City Cmty. Dev. v. Heggs , 658 So.2d 523, 530 (Fla. 1995). This Court "must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court's decision." Futch v. Fla. Dep't of Highway Safety & Motor Vehs. , 189 So.3d 131, 132 (Fla. 2016) (citing Nader v. Dep't of Highway Safety & Motor Vehs. , 87 So.3d 712, 723 (Fla. 2012) ).
"The departure from the essential requirements of the law necessary for granting a writ of certiorari [upon second-tier review] is something more than a simple legal error," Custer Med. Ctr. v. United Auto. Ins. Co. , 62 So.3d 1086, 1092 (Fla. 2010) (citing Allstate Ins. Co. v. Kaklamanos , 843 So.2d 885, 889 (Fla. 2003) ). For example, the circuit court "applying the correct law incorrectly" would not warrant relief. State, Dep't of High. Saf. & Motor Veh. v. Walsh , 204 So.3d 169, 171 (Fla. 1st DCA 2016). Second-tier certiorari relief is only "reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Futch , 189 So.3d at 132 (quoting Nader , 87 So.3d at 717 ). It is not justified by the mere fact that the appellate court may well have reached a different conclusion than the circuit court. See Dep't of High. Saf. & Motor Veh. v. Roberts , 938 So.2d 513, 515 (Fla. 5th DCA 2006) (explaining that on second-tier certiorari review, the appellate court cannot review the circuit court's decision and reach a different result simply because it is not satisfied with the result reached by the circuit court (citing Ivey v. Allstate Ins. Co. , 774 So.2d 679, 682 (Fla. 2000) ) ).
In the present case, the Department does not argue that the circuit court failed to afford it due process. Moreover, it appears that the circuit court sufficiently identified the applicable legal issues and principles. Consistent with our standard of review, we do not reach the "correctness" of the circuit court's decision or whether we would have made the same decision; thus, we avoid converting the instant proceeding into a second appeal. See Futch, 189 So.3d at 132 (explaining that "second-tier certiorari should not be used simply to grant a second appeal" (quoting Nader , 87 So.3d at 717 ) ). Because we conclude that the circuit court's decision did not result in a miscarriage of justice, the Department's petition is denied.
PETITION DENIED.
WALLIS and HARRIS, JJ., concur.

First-tier certiorari review requires that the circuit court determine "whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence." City of Deerfield Beach v. Vaillant , 419 So.2d 624, 626 (Fla. 1982).